Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB 171584
ashley@employmentlaw-nw.com
**CRISPIN EMPLOYMENT LAW PC**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone:   503-293-5770
Fax:   503-293-5766
    Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

(Portland Division)

| | |
|---|---|
| **SARAH SPELLA,** an individual, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **PORTLAND PUBLIC SCHOOLS,** a public school district and corporate body, | **JURY TRIAL REQUESTED** |
| Defendant. | |

### NATURE OF THE ACTION

1.    This is an action under Section 504 of the Rehabilitation Act of 1973 as amended, 29 U.S.C. § 794(a).

2.    This complaint also alleges defendant's violation of Oregon statutes prohibiting retaliation for whistleblowing activities under ORS 659A.030(1)(f), ORS 659A.199, and ORS

659A.203 pursuant to the court's supplemental jurisdiction.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.

4. The court has jurisdiction over plaintiff's state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

5. The employment practices described herein are alleged to have been committed in the District of Oregon, Portland Division.

## PARTIES

6. Plaintiff **SARAH SPELLA** is a resident and citizen of the State of Oregon who was employed by defendant Portland Public Schools in the City of Portland, within the state of Oregon.

7. Defendant **PORTLAND PUBLIC SCHOOLS (PPS)** is a public school district and corporate body, which operates public schools in Portland, Oregon, and was and is a recipient of federal financial assistance and an employer and/or person for purposes of the claims set forth in this complaint.

**PROCEDURAL REQUIREMENTS**

8. Plaintiff timely filed an administrative complaint with the Oregon Bureau of Labor and Industries, Civil Rights Division, in which she raised the violations of state law by defendant as alleged herein.

9. By Notice of Substantial Evidence Determination dated May 20, 2021, the Oregon Bureau of Labor determined:

> The Bureau of Labor and Industries, Civil Rights Division, finds SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation) based on protected whistleblowing activities, in violation of ORS 659A.199 and 659A.203.

10. Plaintiff timely submitted all appropriate notices as may have been required by ORS 30.275, if any.

11. Plaintiff's claims are timely as Oregon HB 4212 applies to all state law claims and any state statute of limitations at issue in this matter.

12. Plaintiff has timely satisfied all administrative prerequisites, if any, to the filing of the state statutory claims set forth in this complaint.

**BACKGROUND FACTS**

13. At all relevant times, Defendant PPS employed plaintiff as an Adaptive Physical Education (APE) Special Education Teacher. She was responsible for implementing the requirements of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq.

14. As an APE Special Education Teacher, plaintiff provided designated instructional services to special education students with a variety of disabilities in connection with such students' physical education. She developed and implemented specially designed instruction,

planned and implemented Individualized Education Plans (IEPs), and monitored student progress toward achieving IEP goals for students in the PPS physical education program.

15. An IEP provides a legally binding written plan for intervention and individualized instruction in deficit areas affected by a qualifying student's disability.

16. Commencing in the 2016-2017 school year, and continuing through November 4, 2019, plaintiff reported and submitted complaints to Defendant PPS, through Special Education Assistant Directors Claire Skelly and Maria Gianotti, that PPS was in violation of state and federal laws, rules, and/or regulations by failing to employ sufficient staff, and by failing to provide sufficient resources for PPS staff, including herself, to meet IEP requirements for students in the Special Education (SpEd) program as set out in state and federal law.

17. Plaintiff's complaints included that PPS failed and refused to provide sufficient supervision and oversight for SpEd students, which resulted in a threat to the physical safety of students and staff.

18. On November 12, 2019, PPS suspended Plaintiff and placed her on administrative leave and placed her under a letter of directive. The allegations on which PPS purported to act related to occurrences communicated to PPS prior to October 2019 and did not constitute violations of policy or PPS rule.

19. PPS failed and refused to conduct a meaningful investigation of the false accusations against Plaintiff for a substantial period in violation of the Collective Bargaining Agreement governing Plaintiff's employment with PPS. When PPS did conduct an investigation, it included false accusations of mileage and scheduling violations.

**CRISPIN EMPLOYMENT LAW PC**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

20. The accusations lodged against Plaintiff for which PPS suspended her were not substantiated by PPS; PPS nonetheless issued a Letter of Expectations to Plaintiff.

21. Before PPS suspended Plaintiff in November 2019 following Plaintiff's complaints that PPS was in violation of the IDEA, no one from PPS spoke to Plaintiff about any related allegations, conducted an investigation into any of the relevant occurrences, or otherwise identified any purported improper conduct by Plaintiff.

22. PPS allowed Plaintiff to return to her duties after a suspension of about a month, during which time PPS failed to notify students or PPS regular teaching staff of her absences. This resulted in SpEd students appearing as previously scheduled for Plaintiff's classes with no knowledge that Plaintiff was not present. Instead of providing appropriate instructional services to APE students during Plaintiff's suspension, PPS merely warehoused them for the duration of Plaintiff's suspension, an additional violation of their IEPs.

23. Plaintiff returned to work following her suspension. Through the efforts of regular classroom teachers and staff, Plaintiff was not subjected to the individual who primarily made accusations against Plaintiff, and PPS terminated that individual on information and belief for lack of competence in early 2020.

24. Beginning in March 2020, Plaintiff and other PPS employees were required to perform their duties remotely due to COVID-19 pandemic protocols.

25. As such protocols were expected to lift and permit in-person instruction, Plaintiff began to anticipate returning to work for the 2021-2022 school year. Doing so caused her to suffer severe emotional distress caused in substantial part due to the lack of any intervening

action by PPS to rectify the violations of law about which Plaintiff had reported previously, continuing threats to her own safety, and the health and safety of SpEd students and staff due to lack of action by PPS, and Defendant PPS's previous acts of retaliation against her.

26. Defendants engaged in the conduct described herein above with the purpose to cause Plaintiff to quit or with reckless disregard that such conduct would cause her to quit.

27. As a result of Defendant's actions, on July 24, 2021, Plaintiff notified PPS of her resignation, as follows:

> I have made the painful decision that I cannot return to in person work for the District. On November 13, 2019, I was placed on leave based on false accusation. It was at this time I realized I was being retaliated against for my advocacy (going on 3 years for the classroom) for safety and meeting IEP requirements. I was devastated to realize such advocacy, a seemingly "shared value" was not in fact shared, but that as a professional I was in question despite glowing evaluations throughout my entire career with PPS.
>
> Ironically, I was being punished for doing my job- ensuring the safety and IEP progress of all my students. Although PPS made these allegations, they did not notify teachers/administration at any of my 10 schools I serve that I was out; my students and staff continued to come to my classes.
>
> I can no longer work for PPS. When I think about the possibility of returning, I have a panic attack (shortness of breath, tightness of the chest, pounding headache). I can't and won't do this to myself or my family. In addition to the allegations, PPS also added allegations of "padding mileage" and "inflaming scheduling" (both were proven false with data provided). I believe these added allegations were meant to intimidate me and cause me to "stay in my lane". This made for a hostile, anxiety provoking work environment.
>
> I will not stop fighting for what is just and right, especially when it involves our most vulnerable population, they deserve at least a safe and successful environment in which to work in. * * *

## DAMAGES

28. As a result of the unlawful actions alleged herein, plaintiff has and will continue to suffer economic damages. Plaintiff is entitled to recover from defendants such lost wages and

benefits of employment and other economic losses in such amount as may be established at trial.

29.     Reinstatement is not feasible, and plaintiff is entitled to recover an appropriate amount in lost future wages and lost earning capacity in an amount to be determined at trial.

30.     As a further result of defendants' actions alleged herein, plaintiff has suffered both emotional and physical damages and is entitled to recover noneconomic damages, including physical, emotional, and mental harm for which she should be compensated in an amount found to be appropriate by a jury based on the evidence presented at trial or $200, whichever is greater. Plaintiff has sought medical treatment for her noneconomic injuries, and the physical manifestations thereof, and is entitled to recover the cost of such medical treatment.

31.     Plaintiff is entitled to a declaration that defendants acted in violation of the statutes set forth in this complaint and its claims for relief and to equitable relief enjoining defendant District from future violations of the statutes set forth herein, and such other relief on such terms as the court may direct.

32.     Plaintiff is entitled to recover her reasonable attorney's fees, reasonable expert witness fees, and other costs of the action to be paid by the defendants pursuant to one or more of the following: 29 U.S.C. § 794a; ORS 659A.885(3).

## FIRST CLAIM FOR RELIEF

### (Retaliation pursuant to the Rehabilitation Act, 29 U.S.C. § 794(a))

33.     Plaintiff incorporates the allegations contained in paragraphs 1 through 32 as though fully set forth herein.

34.     Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), prohibits a school

district recipient of federal funds from retaliating against any individual, including a Special Education teacher, for complaints about a violation of the IDEA or advocacy for compliance with IDEA requirements.

35. Defendant PPS retaliated against Plaintiff in the terms and conditions of her employment and in her constructive discharge as described herein.

36. An educator who complains about and advocates for students concerning potential IDEA violations is protected under Section 504.

37. Throughout her employment over the several school years from 2017-2018 through 2019-2020, Defendant PPS imposed or intentionally allowed to exist circumstances that caused Plaintiff to be unable to satisfy legal obligations imposed by the IDEA.

38. Defendant PPS has consistently failed to provide sufficient resources to permit compliance with IEP plan requirements.

39. Because PPS has not provided plaintiff, and almost all similarly situated teachers throughout the district, with time and resources necessary to implement the accommodations and modifications necessary to the IEPs, they are not being accomplished. This places PPS in violation of federal law because implementing appropriate servicing of IEPs is federally mandated by 20 U.S.C. § 1414, the Individuals with Disabilities Education Act (IDEA) of 2004, and 34 CFR Part 300.

40. The failure of PPS to provide sufficient time and resources to accomplish these actions results in the de facto if not de jure violation of federal law.

41. When Plaintiff complained about these violations, she was retaliated against as

described herein.

## SECOND CLAIM FOR RELIEF

### (Whistleblower Retaliation)

### COUNT ONE: Retaliation ORS 659A.203

42. Plaintiff incorporates the allegations contained in paragraphs 1 through 32 as though fully set forth herein.

43. It is an unlawful employment practice for a public employer to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of a violation of any federal, state or local law, rule or regulation by the public employer or evidence of mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the public employer or to discourage, restrain, dissuade, coerce, prevent or otherwise interfere with disclosure of such reports.

44. It is an unlawful employment practice for any person to discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under ORS chapter 659.

45. Defendant PPS engaged in the adverse, discriminatory, and retaliatory actions alleged here in retaliation for plaintiff's reports of and complaints about what she reasonably believed were mismanagement, gross waste of funds, or abuse of authority or substantial and specific danger to public health and safety resulting from the actions of PPS.

46. Such retaliation violated ORS 659A.203 and ORS 659A.030(1)(f).

**COUNT TWO: ORS 659A.199**

47.     Plaintiff incorporates the allegations contained in paragraphs 1 through 32 as though fully set forth herein.

48.     It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

49.     Plaintiff's complaints, opposition, and resistance to defendants' violations of law as alleged herein were reports and complaints that plaintiff believed constituted evidence of a violation of a state or federal law, rule or regulation.

50.     Defendant PPS engaged in the adverse, discriminatory, and retaliatory actions alleged here in retaliation for plaintiff's reports of and complaints about what she reasonably believed were violations of defendants' violations of federal, state or local law, rule or regulation in violation of ORS 659A.199 and ORS 659A.030(1)(f).

**COUNT THREE: Retaliation – ORS 659A.030(1)(f)**

51.     Plaintiff incorporates the allegations contained in paragraphs 1 through 32 as though fully set forth herein.

52.     It is an unlawful employment practice for any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any

proceeding under ORS chapter 659A or has attempted to do so.

53. Plaintiff's complaints, opposition, and resistance to defendants' violations of law as alleged herein were substantial motivating factors in the discriminatory and retaliatory acts described herein and in the constructive termination of her employment in violation of ORS 659A.030(1)(f).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the court to:

54. Assume jurisdiction over each of the causes set forth herein.

55. Declare defendants in violation of the statutory claims stated in plaintiff's First through Third Claims for Relief.

56. Grant such injunctive relief as may be appropriate on each of plaintiff's claims for relief.

57. Award plaintiff compensation for her economic damages, lost earning capacity, and lost future earnings and benefits of employment as appropriate.

58. Order defendants to make plaintiff whole by providing compensation for personal, noneconomic damages, including physical and emotional pain and suffering, mental anguish, humiliation, and embarrassment, and loss of enjoyment of life in amounts as are determined at trial.

59. Assess against defendants such amounts of punitive damages as are available by law and as determined by a jury to punish defendants and to deter defendants and others from similar conduct in the future.

60. Order defendants to pay prejudgment and post-judgment interest on all amounts due to Plaintiff as a result of this action, with interest at the prevailing state or federal rate.

61. Award plaintiff her costs of suit and reasonable attorney fees, costs and expert witness fees on each of plaintiff's claims for relief.

62. Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

DATED November 1, 2021.

**CRISPIN EMPLOYMENT LAW PC**

By:   /s/ Rebecca Cambreleng
Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB 171584
ashley@employmentlaw-nw.com
Of Attorneys for Plaintiff